**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DARRYL LEONARD, | ) | FILED: APRIL 3, 2009 |
| | ) | 09CV2066 |
| Plaintiff, | ) Case No.: | JUDGE BUCKLO |
| | ) | MAGISTRATE JUDGE NOLAN |
| v. | ) | CH |
| | ) | |
| JILL MACKOWIAK, HASIM | ) | COMPLAINT FOR |
| DEMPSEY, JONATHAN HENDERSON, | ) | VIOLATION OF CIVIL RIGHTS |
| Individually, and THE VILLAGE OF | ) | AND STATE SUPPLEMENTAL |
| SOUTH HOLLAND, | ) | CLAIMS |
| | ) | |
| Defendants. | ) | |
| | | **JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367 if state supplemental claims are alleged.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff DARRYL LEONARD was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendants, the Village of South Holland Police ("Village") Officers JILL MACKOWIAK, Star No. 134, HASIM DEMPSEY, Star No. unknown, JONATHAN HENDERSON, Star No. unknown, ("individual Defendants") were employed by the Village of South Holland Police Department, and were acting under color of

state law and as the employees, agents, or representatives of the Village of South Holland Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the VILLAGE OF SOUTH HOLLAND ("Village") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the VILLAGE OF SOUTH HOLLAND maintained, managed, and/or operated the Village of South Holland Police Department.

## FACTUAL ALLEGATIONS

6. On or about November 10, 2007, Plaintiff was lawfully in a public place, in the Village of South Holland, Cook County, State of Illinois.

7. On that day and place and without legal cause Defendant MACKOWIAK threatened to "taser" Plaintiff.

8. On that day and place the individual Defendants seized Plaintiff.

9. Plaintiff did not consent to being seized.

10. There was no outstanding arrest warrant for Plaintiff.

11. There was no legal cause to seize Plaintiff.

12. During the course of seizing Plaintiff, the individual Defendants used force against Plaintiff.

13. There was no legal cause for the individual Defendants to use force against Plaintiff.

14. Further, to the extent that any Defendant did not use force, such Defendant failed to take any action to protect Plaintiff from the force used by the other individual Defendants, despite the reasonable ability to do so.

15. Plaintiff is informed and believes and alleges thereon that the individual

2

Defendants entered into an agreement to violate the rights of Plaintiff by falsely arresting and bringing false criminal charges against Plaintiff. These are not routine police practices.

16. Plaintiff is informed and believes and alleges thereon that the individual Defendants conspired with one another to cause Plaintiff to be falsely arrested and for false criminal charges to be brought against Plaintiff.

17. Plaintiff was transported to the City of Markham police station where he was imprisoned.

18. On or about November 10, 2007, the individual Defendants caused false criminal charges to be brought against Plaintiff for Possession of a Controlled Substance.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, loss of earnings and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

20. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

## COUNT I
### Plaintiff Against Individual Defendants for
### UNREASONABLE SEIZURE

21. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

3

22. By reason of the conduct by the Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

23. The arbitrary intrusion by the Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiff Against Individual Defendants for
### EXCESSIVE FORCE AND FAILURE TO PROTECT

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

25. During and immediately after Plaintiff's seizure, Defendants used excessive force against Plaintiff's person.

26. To the extent that any Defendant did not use force against Plaintiff, such Defendant failed to protect Plaintiff against the excessive use of force, despite the reasonable ability to do so.

27. There was no legal cause for Defendants to use force against Plaintiff.

28. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

29. The physical violence inflicted upon Plaintiff by Defendants was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff Against Individual Defendants for
### CONSPIRACY TO DEPRIVE PLAINTIFF OF CONSTITUTIONAL RIGHTS

30. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty (20) hereat as though fully alleged in this place.

31. As alleged, Defendants entered into a conspiracy by engaging in joint action and entering into an agreement to violate Plaintiff's rights by falsely arresting and bringing false criminal charges against Plaintiff.

32. Defendants' overt act of falsely arresting and wrongfully prosecuting Plaintiff in furtherance of said agreement resulted in the deprivations of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

33. The acts described constituted a wrongful seizure and a violation of Plaintiff's due process rights. Therefore, Defendants are liable for conspiracy under 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages, in a sum to be ascertained;

3. That the Defendants other than the Village of South Holland be required to pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

    4. That the Defendants other than the Village of South Holland be required to pay punitive and exemplary damages in a sum to be ascertained;

    5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

    6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/ <u>Edward M. Fox</u>
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com