IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 CV 2066 |
| vs. | ) | Judge Bucklo |
| | ) | |
| JILL MACKOWIAK, HASIM DEMPSEY, | ) | Magistrate Judge Nolan |
| JONATHAN HENDERSON, Individually, | ) | |
| and THE VILLAGE OF SOUTH HOLLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COME defendants, JILL MACKOWIAK, HASIM DEMPSEY, JONATHAN HENDERSON, Individually, and THE VILLAGE OF SOUTH HOLLAND (hereinafter "Defendants"), by and through their attorneys, QUERREY & HARROW, LTD., and for their answer to plaintiff's complaint at law, state as follows:

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Section 1343 and 1331 and 1367 if state supplemental claims are alleged.

**ANSWER:** Defendants admit that this matter is brought pursuant to 42 U.S.C. 1983 and this Court has pendant jurisdiction this matter, but deny that said claims have merit.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants admit the allegations set forth in paragraph 2.

3.  At all times herein mentioned, plaintiff, DARRYL LEONARD, was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:**  Defendants have insufficient knowledge and information to form a belief as to the allegations set forth in paragraph 3.

4.  At all times herein mentioned, defendants, the Village of South Holland Police ("Village"), Officers JILL MACKOWIAK, Star No. 134, HASIM DEMPSEY, Star No. unknown, JONATHAN HENDERON, Star No. Unknown, ("individual defendants") were employed by the Village of South Holland Police Department, and were acting under color of state law and as the employees, agents, or representatives of the Village of South Holland Police Department. These defendants are being sued in their individual capacity.

**ANSWER:**  Defendants admit that Defendant, JILL MACKOWIAK, is a duly appointed and sworn Village of South Holland police officer employed by the Village of South Holland and denies all other conclusions contained in paragraph 4.

Defendants further admit that Defendant,  HASIM DEMPSEY and Defendant, JONATHAN HENDERON were duly appointed and sworn Village of South Holland police officers employed by the Village of South Holland and denies all other conclusions contained in paragraph 4.

5.  At all times herein mentioned, the VILLAGE OF SOUTH HOLAND ("Village") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the VILLAGE OF SOUTH HOLLAND maintained, managed, and/or operated the Village of South Holland Police Department.

**ANSWER:**  Defendants admit the allegations set forth in paragraph 5.

## FACTUAL ALLEGATIONS

6.  On or about November 10, 2007, plaintiff was lawfully in a public place, in the Village of South Holland, County Cook, State of Illinois.

**ANSWER:**  Defendants deny the allegations set forth in paragraph 6.

7.  On that day and place and without legal cause defendant MACKOWIAK threatened to "taser" plaintiff.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 7.


8.  On that day and place the individual defendants seized plaintiff.

**ANSWER:**     Defendants admit the allegations set forth in paragraph 8.

9.  Plaintiff did not consent to being seized.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 9.


10.  There was no outstanding arrest warrant for plaintiff.

**ANSWER:**     Defendants admit the allegations set forth in paragraph 10.


11.  There was no legal cause to seize plaintiff.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 11.


12.  During the course of seizing plaintiff, the individual defendants used force against plaintiff.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 12.


13.  There was no legal cause for the individual defendants to use force against plaintiff.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 13.


14.  Further, to the extent that any defendant did not use force, such defendant failed to take any action to protect plaintiff from the force used by the other individual defendants, despite the reasonable ability to do so.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 14.

15. Plaintiff informed and believes and alleges thereon that the individual defendants entered into an agreement to violate the rights of plaintiff by falsely arresting and bringing false criminal charges against plaintiff. These are not routine police practices.

**ANSWER:** The Defendants admit that it is not their custom or practice to conspire to violate the rights of the Plaintiff. Further answering, Defendants deny all remaining allegations set forth in paragraph 15.

16. Plaintiff is informed and believes and alleges thereon that the individual defendants conspired with one another to cause plaintiff to be falsely arrested and for false criminal charges to be brought against plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph 16.

17. Plaintiff was transported to the City of Markham police station where he was imprisoned.

**ANSWER:** Defendants deny the allegations set forth in paragraph 17, as phrased.

18. On or about November 10, 2007, the individual defendants caused false criminal charges to be brought against plaintiff for Possession of a Controlled Substance.

**ANSWER:** Defendants deny the allegations set forth in paragraph 18.

19. By reason of the above-described acts and omissions of defendants, plaintiff sustained injuries, including but not limited to, humiliation and indignities, loss of earnings and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations set forth in paragraph 19.

20. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplar and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations set forth in paragraph 20.

## COUNT I
### Plaintiff Against Individual Defendants for
### UNREASONABLE SEIZURE

21.    Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

**ANSWER:**    Defendants hereby incorporate and re-plead their answers paragraphs one (1) through twenty (20) herein as though fully set forth at this place

22.  By reason of the conduct by the defendants, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 22.

23.   The arbitrary intrusion by the defendants, into the security and privacy of plaintiff's person was in violation of plaintiff's Constitutional Rights and not authorized by law.   The defendants violated the plaintiff's rights in the following manner:  the seizure of plaintiff was without any legal cause.   The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of plaintiff's rights. Therefore, the defendants are liable to plaintiff pursuant to 42 U.S.C. Section 1983.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 23.

WHEREFORE, Defendants, VILLAGE OF SOUTH HOLLAND, JILL MACKOWIAK, HASIM DEMPSEY and JONATHAN HENDERSON, respectfully request judgment in their favor and against Plaintiff on this Count of the Complaint, request that Plaintiff take nothing by way of this Count, that they be awarded all fees and costs incurred in defending this claim so wrongfully brought, or for all such other relief the Court deems appropriate.

## COUNT II
### Plaintiff Against Individual Defendants for
### EXCESSIVE FORCE AND FAILURE TO PROTECT

24.  Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as thought fully set forth at this place.

**ANSWER:**  Defendants hereby incorporate and re-plead their answers paragraphs one (1) through twenty (20) herein as though fully set forth at this place

25.  During and immediately after plaintiff's seizure, defendants used excessive force against plaintiff's person.

**ANSWER:**  Defendants deny the allegations set forth in paragraph 25.

26.  To the extent that any defendant did not use force against plaintiff, such defendant failed to protect plaintiff against the excessive use of force, despite the reasonable ability to do so.

**ANSWER:**  Defendants deny the allegations set forth in paragraph 26.

27.  There was no legal cause for defendants to use force against plaintiff.

**ANSWER:**  Defendants deny the allegations set forth in paragraph 27.

28.  By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**  Defendants deny the allegations set forth in paragraph 28.

29.  The physical violence inflicted upon plaintiff by defendants was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. Section 1983.

**ANSWER:**  Defendants deny the allegations set forth in paragraph 29.

WHEREFORE, Defendants, VILLAGE OF SOUTH HOLLAND, JILL MACKOWIAK, HASIM DEMPSEY and JONATHAN HENDERSON, respectfully request judgment in their favor and against Plaintiff on this Count of the Complaint,

request that Plaintiff take nothing by way of this Count, that they be awarded all fees

and costs incurred in defending this claim so wrongfully brought, or for all such other

relief the Court deems appropriate.

## COUNT III
### Plaintiff Against Individual Defendants for
### CONSPIRACY TO DEPRIVE PLAINTIFF OF CONSTITUTIONAL RIGHTS

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully alleged in this place.

**ANSWER:** Defendants hereby incorporate and re-plead their answers paragraphs one (1) through twenty (20) herein as though fully set forth at this place

31. As alleged, defendants entered into a conspiracy by engaging in joint action and entering into an agreement to violate plaintiff's rights by falsely arresting and bringing false criminal charges against plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph 31.

32. Defendants' overt act of falsely arresting and wrongfully prosecuting plaintiff in furtherance of said agreement resulted in the deprivations of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations set forth in paragraph 32.

33. The acts described constituted a wrongful seizure and a violation of the plaintiff's due process rights. Therefore, defendants are liable for conspiracy under 42 U.S.C. Section 1983.

**ANSWER:** Defendants deny the allegations set forth in paragraph 33.

WHEREFORE, Defendants, VILLAGE OF SOUTH HOLLAND, JILL

MACKOWIAK, HASIM DEMPSEY and JONATHAN HENDERSON, respectfully

request judgment in their favor and against Plaintiff on this Count of the Complaint,

request that Plaintiff take nothing by way of this Count, that they be awarded all fees

and costs incurred in defending this claim so wrongfully brought, or for all such other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.  The allegations contained in Plaintiff's pending Complaint fail to state a valid cause of action upon which relief can be granted.

2.  To the extent that the Defendants were acting in the scope of employment with The Village of South Holland, and under the color of law, Defendant is entitled to qualified immunity.

3.  Defendants did not intentionally or knowingly deprive the Plaintiff of any right guaranteed them by the United States Constitution or any other statute set forth in Plaintiff's Complaint and all actions of this Defendants were undertaken in good faith and in the performance of his official duties, and the reasonable belief that his actions were lawful and authorized.

4.  Upon information and belief, Plaintiff has failed to state a federal claim against the Defendant for the reason that the acts complained of were not caused by an official policy, practice, customary usage of these Defendants.

5.  Any injury or damages suffered by the Plaintiff was the result of an independent intervening cause, and not the result of any alleged actions or omissions of the Defendants.

6.  Defendants had probable cause to detain and arrest Plaintiff on November 10, 2007, based upon the totality of the circumstances and the information known to the Defendants at the time of the Plaintiffs' detainment and arrest.

WHEREFORE, Defendants, VILLAGE OF SOUTH HOLLAND, JILL MACKOWIAK, HASIM DEMPSEY and JONATHAN HENDERSON, respectfully requests the Court dismiss Plaintiff's Complaint, with prejudice, and award Defendants their costs associated with defending this action, including attorneys' fees, together with such other and further relief this Court deems just and equitable.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

Village of South Holland, Jill Mackowiak, Hasim Dempsey and Jonathan Henderson

By: s/ Larry S. Kowalczyk
　　　　　One of its attorneys

Larry S. Kowalczyk
Paul A. O'Grady
Kevin M. Casey
Mathew J. Daly
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604
312/540-7000